LAND, J.
 

 J. H. Covington, an alleged fugitive from justice from the state of South Carolina, was arrested by the sheriff of the parish of Caddo, under the warrant of the Governor of this state, issued in compliance with the requisition of the Govern- or of the former state, and the prisoner was surrendered to the duly appointed agent of the Governor of the state of South Carolina, ’ to be returned to that state.
 

 The prisoner was discharged from custody, after his surrender, under a writ of habeas corpus, issued by the judge of the district court for the First judicial district of this state, for the reason that the Governor of South Carolina, in demanding the fugitive had failed to produce a copy of the affidavit charging the commission of the crime in said state, certified as authentic by him as chief executive, as required by section 5278 of the Revised Statutes of the United States (U. S. Comp. St. § 10126). Relators, the sheriff of Caddo parish, and the agent of the Governor of South Carolina, have invoked our supervisory jurisdiction, by applying for a writ of certiorari, in order to have reviewed by this court the ruling of respondent judge,,, which they allege to be erroneous.-
 

 1. The respondent judge alleges in his return that the Supreme Court of the United States alone has jurisdiction to determine the matter in controversy, because the supervisory jurisdiction of this court does not extend to a matter of extradition between the states, wherein a statute of the
 
 *655
 
 United States is drawn in question, and rights asserted thereunder are passed upon by a district court of this state and decided in favor of applicant.
 

 Relators admit in their application that no appeal to the Supreme Court of this state lies from the order of respondent judge releasing the prisoner, but allege that this court, under its general supervisory powers granted by the present Constitution, has general control and supervision over all inferior courts, and jurisdiction to review, and, on such review, to affirm, revise, or reverse the order of a district judge discharging a prisoner under a writ of habeas corpus in extradition proceedings. Relators refer to State ex rel. Burnett v. Flournoy, Sheriff, et al., 136 La. 852, 67 So. 929, as a decision of this court presenting a similar question, in which the action of the trial judge in discharging a fugitive in a habeas corpus proceeding was reversed by this court upon the application for writs of certiorari.
 

 That decision, however, does not pass upon the question of jurisdiction presented in this case, nor upon the question of the necessity of certification of the affidavit by the chief executive of the demanding state. The only matter decided in the Flournoy Case was as to the sufficiency of the recitals of the Governor’s warrant, which was attached because, -instead of reciting that it had issued upon the production of the copy of an indictment or affidavit, as required by the act of Congress, it merely recited that it had issued “upon the production of the requisite evidence to justify the same, and which is on file in the office of the Secretary of State.” We held that the Governor’s warrant was sufficient.
 

 We are of the opinion, however, that we have supervisory jurisdiction in the present case.
 

 Section 10 of article 7 of the Constitution of 1921 provides that “the Supreme Court shall have control of, and general supervision over all inferior courts.”
 

 Section 2 of the same article declares that the Supreme Court, and each of the judges thereof, may issue, in aid of its respective jurisdiction, original, appellate, or supervisory writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, orders, and process.
 

 It is well settled that the jurisdiction of state courts is not excluded in extradition eases, but that the fugitive may have the lawfulness of his arrest inquired into upon habeas corpus, either by the state or federal courts, with this limitation, that1 a state court is without jurisdiction in cases where the prisoner is held by an officer of the United States, under claim and color of the authority of the United States. A state agent appointed to receive the fugitive, when surrendered, is not an officer of the United States. Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544; Robb v. Connolly, 111 U. S. 624, 4 S. Ct. 544, 28 L. Ed. 542.
 

 The refusal of the highest court of a state to discharge a defendant on habeas corpus is a final judgment in a suit for the purpose of review by the Supreme Court of the United States. Holmes v. Jennison, 14 Pet. 540, 614, 10 L. Ed. 579; Hartman v. Greenhow, 102 U. S. 672, 26 L. Ed. 271.
 

 If the decision of this court is ‘adverse to any right, privilege, or immunity claimed by the alleged -fugitive from justice, under the federal Constitution, or any act of Congress, the judgment or decree of this court is reviewable by the Supreme Court of the United States upon a writ of certiorari, under section 237 of the Judicial Code, as amended ‘September 6, 1916, chapter 448, 39 Statutes at Large, 726 (U. S. Comp. St.
 
 *657
 
 § 1214). Philadelphia & Reading Coal & Iron Co. v. John Gilbert, 245 U. S. 162, 38 S. Ct. 58, 62 L. Ed. 221.
 

 2. The act of Congress (section 5278, R. g.) makes it the duty of the executive authority of the state to which such person has fled to cause the arrest of the alleged fugitive from justice, whenever the executive authority of any state demands such person as a fugitive from justice, and produces a copy of an indictment or affidavit made before the magistrate of any state, charging the person demanded with having committed a crime therein, certified as authentic by the Governor or chief magistrate of the state from whence the person so charged has fled.
 

 “It must appear, therefore, to the Governor of the state to whom such a demand is presented, before he can lawfully comply with it, first, that the person demanded is substantially charged with a crime against the laws of the state from whose justice he is alleged to have fled, by an indictment or an affidavit, certified as authentic by the Governor of the state making the demand; and, second, that the person demanded is a fugitive from the justice of the state the executive authority of which makes the demand.”
 

 “The first of these prerequisites is a question of law, and is always open upon the face of the papers to a judicial inquiry, on an application for a discharge under a writ of habeas corpus.” Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544; Compton v. Alabama, 214 U. S. 1, 29 S. Ct. 605, 53 L. Ed. 885, 16 Ann. Cas. 1098.
 

 In the Compton Case it is said:
 

 “When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective states concerned as a sufficient basis, in law, for their acting — the one in making a requisition, the. other in issuing a warrant for the arrest of the alleged fugitive — the judiciary should not interfere, on habeas corpus, and discharge the accused upon technical grounds, and unless it be clear that what was done was in plain contravention of law.”
 

 The affidavit in the Compton Case had been certified by the Governor of Georgia as authentic, and the question to be decided in that case was, Can an affidavit made before a notary public, who under the Georgia Code 1895, vol. 2, p. 982, vol. 3, p. 93, is ex officio a justice of the peace, be regarded as satisfying the requirement of the provisions of U. S. Rev. Stat. § 5278, that such affidavit be made before a magistrate? The Supreme Court answered that question in the affirmative. The language quoted from the above decision cannot therefore be construed to mean that the judiciary should not interfere, if an affidavit, which has not been certified as authentic, is considered a sufficient basis for their acting by the executive authority of the respective states concerned; especially as the Compton Case holds that an executive of a state upon whom demand is made for the arrest of a fugitive has no power to issue his warrant of arrest for a crime committed in another state, unless he is furnished a copy of the indictment or affidavit required by the provisions of section 5278 of the Revised Statutes of the United States.
 

 In Ex parte Morgan (D. C.) 20 F. 307, it is said:
 

 “By the act of Congress the affidavit or indictment upon which a requisition is based must be certified by the Governor or chief magistrate as authentic. This wise provision is to prevent the restraint of liberty by false charges and fraudulent papers; to enable the executive upon whom the demand is made to determine whether there is probable cause for believing a crime has been committed.”
 

 See, also, Ex parte Hart, 63 F. 260, 11 C. C. A. 165, 28 L. R. A. 801.
 

 In the absence of proof to the contrary it will be presumed that the Governor acted in conformity with the law in the issuance of his warrant, and that he performed his duty as to the determination of the jurisdictional facts, and the warrant or the recitals therein are prima facie evidence of such facts. But the warrant is not conclu
 
 *659
 
 save proof that the requirements of the statute were complied with before its issuance. Ex parte Hart, 63 P. 249, 11 C. C. A. 165, 28 L. R. A. 801; Ex parte Wildman, 14 Okl. Or. 150, 168 P. 246; Ex parte Jowell, 87 Tex. Or. R. 556, 223 S. W. 456, 457, 11 A. L. R. 1407.
 

 We have before us the entire papers attached to the demand for requisition, including the Governor’s warrant. There are two affidavits and two' warrants-in the record, but neither of these affidavits is certified as authentic by (the Governor of the demanding state. It is stated! in the demand for requisition:
 

 “It appears
 
 from the attached certificate and toarrant, winch are hereby certified to be au
 
 thentic, and in accord with the laws of this State, that J. H. Covington, stands charged with the crime of obtaining goods by false pretense and sale of stocks, bonds, etc., without complying with the statutes, in Anderson county, in South Carolina, and it has been represented to me that he has fled from the justice of this state and taken refuge in the state of Louisiana.”
 

 It is the indictment or affidavit, and not the issuing of a warrant which constitutes the charge against the fugitive. Tullis v. Fleming, 69 Ind. 15.
 

 Section 5278 of the federal Revised Statutes requires, for this reason, that a copy of the affidavit, and not of the warrant, be certified as authentic by the Governor of the demanding state. 1
 

 It has, therefore been repeatedly held that the requisition must be accompanied by a copy of an indictment or an affidavit made before a magistrate charging the person demanded with having committed a crime, which must be duly authenticated by the Governor or chief magistrate of the state or territory from which such person has fled. A requisition unaccompanied by such a paper is no justification for the arrest of a fugitive. Compton v. Alabama, 214 U. S. 1, 29 S. Ct. 605, 53 L. Ed. 885, 16 Ann. Cas. 1098; Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544; In re Strauss, 197 U. S. 324, 25 S. Ct. 535, 49 L. Ed. 774; Ex parte Hart, 63 F. 249, 11 C. C. A. 165, 28 L. R. A. 801; Ex parte Morgan (D. C.) 20 F. 298; In re Jackson, 13 Fed. Cas. p. 197, No. 7125, 2 Flipp. 183.
 

 “The evidence to be produced * * * that the party demanded is charged with crime, the mode of proof is particularly prescribed and limited by the act itself. It must be by a copy of an indictment or affidavit certified by the Governor of the state making the demand as authentic. Under the statute clearly no other evidence is sufficient, or can be received by the Governor on whom the demand is made as sufficient in proof of the fact that such indictment or affidavit exists as the basis of the charge of crime.” In re Leary, 15 Fed. Cas,, p. 106, No. 8162, 10 Ben. 197.
 

 The two affidavits in this case are not made the basis of the demand for requisition, and neither is certified as authentic. The warrant and certificate of the solicitor of the Tenth judicial circuit of South Carolina, that the alleged fugitive is charged with the crime of sale of stocks and bonds, without complying with the statutes of that state, do not constitute a compliance with section 5278 of. the Revised Statutes of the United States, although certified as authentic by the Governor of South Carolina.
 

 Affidavits filed with the Governor of a state and sent by him with a demand for the surrender of a fugitive to the Governor of another state cannot be considered, if they are not certified to be authentic, and are not recited in the demand for requisition. Ex parte Hart, 63 F. 249, 11 C. C. A. 165, 28 L. R. A. 801.
 

 The relief prayed for is denied at relators’ cost.
 

 O’NIELL, C. J., and BRUNOT and THOMPSON, JJ„ dissent. -