STATE *ex rel.* LOYD SIVLEY *v.* W. H. HACKETT, *et al.*

(*Knoxville.* September Term, 1930.)

Opinion filed December 15, 1930.

W. A. Schoolfield, for plaintiff in error.

W. F. Barry, Jr., Assistant Attorney-General, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a *habeas corpus* proceeding brought by Sivley against the chief of police of Chattanooga and one Kidd, an agent of the State of Georgia, in which he alleges that he is being unlawfully restrained of his liberty by the two defendants on account of a warrant issued by the Governor of Tennessee upon a requisition from the Governor of Georgia. The court below dismissed the petition and the relator has appealed.

The warrant issued by the Governor of Tennessee was attacked as bad on its face and it was also contended by the relator that he was not in the State of Georgia at the time of the commission of the offense with which he was charged there and that accordingly he was not a fugitive from justice in that State. Proof was heard on the latter issue in the court below and we find abundant evidence to sustain the deduction of the trial judge in this respect. However, we are forced to the conclusion that the warrant issued by the Governor of Tennessee is inadequate on its face and it was not supported on the

hearing by any showing that jurisdictional facts were made to appear to the Governor before the warrant was issued.

Section 2 of Article IV of the Constitution of the United States is given effect by sections 5278-9, U. S. Revised Statutes, as follows:

"Whenever the executive authority of any State or territory demands any person as a fugitive from justice, of the executive authority of any State or territory to which such person has fled, and produce a copy of an indictment found or an affidavit made before a magistrate of any State or territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the Governor or chief magistrate of the State or territory from which the person so charged has fled, it shall be the duty of the executive authority of the State or territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand."

Section 7321, Thompson's-Shannon's Code, provides for the issuance of a warrant for the apprehension of a person when the demand is made by the executive of another state or territory "in any case authorized by the Constitution and laws of the United States."

The warrant issued by the governor of the asylum state should show (1) that a demand by requisition has been made for the party as a fugitive from justice; (2) that the requisition was accompanied by a copy of an indictment or affidavit charging the commission of an offense; and (3) that the copy of such indictment or affidavit was certified by the governor of the state making the demand as authentic. *Ex parte Dawson,* 83 Fed., 306;

*Roberts* v. *Reilly,* 116 U. S., 80, 29 L. Ed., 544; *Ex parte Reggle,* 114 U. S., 642, 29 L. Ed., 250.

The warrant issued by the Governor of Tennessee in this case does not show that the requisition made by the Governor of Georgia was accompanied by a copy of an indictment or affidavit charging the relator with the commission of any offense. The warrant merely shows that the relator stood charged in the State of Georgia "upon warrant" and that there was exhibited to the executive of Tennessee a copy of "said warrant" and "said copy of warrant being certified as authentic by the executive of the State of Georgia."

It is not necessary that the warrant of the governor of the asylum state set out the evidence upon which he found that the person sought was a fugitive from justice, nor that the warrant set out the indictment or affidavit accompanying the requisition and charging the offense, nor that the warrant set out the certificate of the governor of the state making the demand. While the details of these prerequisites need not be included in the warrant, it should properly appear on the face of the warrant that all such prerequisites existed.

We would not be disposed to hold the warrant fatally defective or void if in the return to the writ of *habeas corpus* or at the hearing the defendants had shown that as a matter of fact the requisition of the Governor of Georgia was accompanied by an indictment found or an affidavit made before a magistrate properly charging the offense and that these documents were before the Governor of Tennessee when he issued the warrant here. There was nothing of this kind in the return, however, nor was any such proof introduced on the hearing below So far as disclosed, there was nothing before the Gov-

ernor of Tennessee when he issued his warrant except a requisition from the Governor of Georgia accompanied by a "warrant." We find no authority justifying the rendition of a fugitive under such circumstances.

Proof was introduced on the trial below showing that an indictment had been found against the relator in Georgia charging him with the offense of burglary. This indictment, however, was found after the Governor of Tennessee issued his warrant and could not have been before that official.

A copy of an affidavit charging the relator with this offense made before a magistrate in the State of Georgia was also introduced, but it was not shown that this affidavit accompanied the requisition or was ever at any time before the Governor of Tennessee.

We are accordingly driven to the conclusion that the warrant issued by the Governor of Tennessee for the apprehension of the relator was insufficient on its face and the proof below failed to show that the governor had before him jurisdictional facts authorizing the issuance of said warrant.

The judgment of the trial court is accordingly reversed and the prisoner discharged.