(No. 22242.—)

THE PEOPLE *ex rel.* Leander McCline, Plaintiff in Error, *vs.*
WILLIAM D. MEYERING, Sheriff, Defendant in Error.

*Opinion filed April 21, 1934.*

OLIVER A. CLARK, and IRVIN C. MOLLISON, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for defendant in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This cause comes here by writ of error to review the judgment of the criminal court of Cook county quashing a writ of *habeas corpus*. The proceedings are under section 2 of chapter 60, known as the Fugitives From Justice act. (Smith's Stat. 1933, p. 1541.) August 5, 1933, plaintiff in error filed a petition for the writ of *habeas corpus* for his release. He had been arrested upon a fugitive warrant. Thereafter the Governor of Illinois issued a rendition warrant directed to any sheriff, coroner or constable in any county in the State, commanding the arrest of Leander McClarnin, alias Leander McCline, and his

production forthwith in open court; that he be given not less than twenty-four hours to obtain counsel and avail himself of the laws of this State for the security of personal liberty, and his delivery, unless discharged by the court, to the agent of the Governor of Tennessee, to be taken back to the State from which he fled. The warrant recited that the Governor of the State of Tennessee demanded of the Governor of Illinois the arrest and delivery of McClarnin, alias McCline, as a fugitive from justice, and had produced a copy of a warrant, certified as authentic and duly authenticated by the Governor of Tennessee, charging McClarnin, alias McCline, with having committed, on September 11, 1931, in the county of Maury, in the State of Tennessee, the crime of murder in the first degree, as set forth and alleged in the warrant, which the Governor of Tennessee certified to be a crime under the laws of that State. The rendition warrant recited further that the Governor of Illinois is satisfied that McClarnin, alias McCline, is a fugitive from justice and has fled from the State of Tennessee and taken refuge in this State. On August 16, 1933, an amended petition for a writ of *habeas corpus* was filed, and the papers filed with the Governor of Illinois were made a part of the petition. The respondent made return that the relator was detained by virtue of the Governor's warrant. The relator's amended petition was allowed to stand as a traverse to the return, and the issue was thus made.

The plaintiff in error contends that since the Governor of Tennessee did not certify as authentic an indictment or affidavit, as provided by section 5278 of the United States Revised Statutes, the criminal court erred in remanding the relator to the custody of the sheriff. In answer to this contention, section 1 of an act in relation to judicial notice, approved June 21, 1929, authorizes courts to take judicial notice of the laws of sister States. (Laws of 1929, p. 466.) The laws of Tennessee, by section 11,518

of Michie's Tennessee Code of 1932, provide: "Upon information made to any magistrate of the commission of a public offense, he shall examine on oath the information, reduce the examination to writing and cause the examination to be signed by the person making it." By section 11,519: "The written examination shall set forth the facts stated by the information tending to establish the commission of the offense and the guilt of the defendant." By section 11,520: "If the magistrate is satisfied therefrom that the offense complained of has been committed and there is reasonable ground to believe the defendant is guilty thereof he shall issue a warrant of arrest." These statutory requirements were met. The same sheet of paper on which is found the affidavit of the complaining witness also contains a copy of the warrant for the arrest of the plaintiff in error. There can be no doubt that the affidavit was set out in order to show the Governor of the State of Tennessee that a warrant had been legally sworn out. Neither can there be any doubt that when the Governor of Tennessee certified to the authenticity of the warrant, he thereby certified, in effect if not specifically, that the affidavit was authentic. Section 5278 of the United States Code Annotated requires that the Governor of the demanding State shall authenticate an indictment found or an affidavit made before a magistrate. The Governor complied with that provision by what was done in this case.

The certificate of the county clerk of Maury county, Tennessee, that the magistrate who issued the warrant and before whom the affidavit was sworn to was at the time a duly elected and qualified and acting justice of the peace in and for the county and State mentioned, and that his official acts as such are entitled to full faith and credit, appears also on the sheet with the affidavit and warrant. This certificate, and the recitals in the body of the warrant itself as to his having been a justice of the peace, answer the objection of plaintiff in error to "J. of P.,"

following the name of the justice of the peace on the warrant. Under the circumstances the phrase "J. of P." could have meant only "justice of the peace." Section 18 of the schedule of the constitution of Illinois was not contravened.

In answer to the contention that the affidavit merely states conclusions and does not set out the affiant's means of knowledge, the statements that plaintiff in error concealed himself in ambush on the side of a certain road and shot and killed the deceased with a shot-gun are definite statements of fact and in no sense mere conclusions. Affiant's means of knowledge need not be set out in the affidavit. An affidavit is a declaration on oath, in writing, sworn to by a party before some person who has authority, under the law, to administer oaths. (*Cox* v. *Stern*, 170 Ill. 442.) The affidavit here meets all of these requirements. It also met the requirement contained in section 5278 of the United States Code Annotated in that it was sworn to before a magistrate of the demanding State and charged plaintiff in error with a crime. The affidavit is not required to be as technically correct as an indictment. (*Munsey* v. *Clough*, 196 U. S. 364, 25 Sup. Ct. 282.) In this connection, in answer to the objection that the affidavit was signed "Mrs. George Owen" and that this is not the name of a person, there is no evidence in the record contradicting the fact that such a person exists and that this is her name, and that she signed as the justice of the peace certifies she did and swore to the facts set out in her affidavit.

Plaintiff in error next contends that he is not the same person as Leander McClarnin, alias Leander McCline, named in the requisition papers. He himself testified that his name is Leander McCline. Thomas Hough testified that he saw plaintiff in error sitting on a porch at a commissary at Ridley, Tennessee, on September 8, 1931, the day before George Owen was killed, and positively iden-

tified plaintiff in error at the *habeas corpus* hearing. This testimony also contradicts the testimony of plaintiff in error, his mother and sister and one Jones, to the effect that plaintiff in error came to Chicago about August 30, 1931, and was not in Tennessee after that time or on September 9, 1931, the date Owen was killed. The issue in this proceeding was not one to be tried as an original question or as a defense of alibi to the crime with which the prisoner was charged. The question to be tried under the writ of *habeas corpus* is whether there is any competent evidence that the prisoner was a fugitive from justice. If there is, the court will not weigh the evidence or try the case. (*People* v. *Meyering,* 345 Ill. 598.) The court will not discharge one arrested under a Governor's warrant where the evidence on the fact of the presence in or absence from the State demanding the prisoner is merely contradictory. *Habeas corpus* is not the proper proceeding to try the question of an alibi or any question as to the guilt or innocence of the accused. The only question to be decided was whether or not he was a fugitive from justice. *People* v. *Munie,* 354 Ill. 490; *People* v. *Meyering,* 349 id. 198; *Munsey* v. *Clough,* 196 U. S. 364.

It is contended that the papers accompanying the requisition should have been exemplified in accordance with the act of Congress of May 26, 1790, the Judiciary act. This is not such a judicial order, judgment or decree as requires certification in accordance with that act. *Compton* v. *Alabama,* 214 U. S. 1.

In answer to the contention that plaintiff in error was not substantially charged with a crime by the affidavit of Mrs. Owen, we held in *People* v. *Meyering,* 348 Ill. 486, in connection with an indictment, that the technical sufficiency of an indictment in the demanding State is a matter that its courts must determine and cannot be determined in our courts either by the technical rules of criminal pleading at common law or the statutes of this State. Whether

216

it be an affidavit or an indictment, we cannot question the technical sufficiency of the charge of the crime under the laws of the demanding State.

For the reasons stated, the judgment of the criminal court is affirmed.