STATE *ex rel.* DAUGHERTY v. PAYNE, SHERIFF.

(*Knoxville*, September Term, 1943.)

Opinion filed October 16, 1943.

W. T. THRASHER and JOE FRASSRAND, both of Chatta-
nooga, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Relator was denied relief sought under a petition for
writ of *habeas corpus* filed in the Criminal Court of
Hamilton County, and has duly perfected his appeal to
this court.

The appeal presents the single question of the legality
of relator's extradition to the State of New York on cer-
tain documents made exhibits to respondent's answer
to the *habeas corpus.*

The first of these documents is a warrant issued by the
Parole Board of the State of New York to ''any parole
officer or any officer authorized to serve criminal process''
in the State of New York, authorizing such officers to take
one Lawrence R. Daugherty into custody for having vi-
olated or being about to violate his parole. There is no
statement of the crime for which he was convicted nor the
punishment from which he was paroled. The warrant
is issued under section 216 of the Correction Law of New
York, Consol. Laws N. Y., chap. 43, and is signed by a
member of the Parole Board of that State. It contains
no affidavit before a magistrate and is not authenticated
by the Governor.

The second document authorizes John H. Dolan, a parole officer of the State of New York, to take and receive from the proper authorities of the State of Tennessee, Lawrence Daugherty, *alias* Larry Malone, who is described as a fugitive from justice of the State of New York. This document is authenticated by the signature of the Governor of New York, and is sealed with the seal of that state.

The third document made an exhibit to the answer of respondent is a regular and legal rendition warrant properly authenticated by the Governor of Tennessee. This warrant recites that all necessary steps have been taken and documents executed to make legal extradition of the relator to the State of New York. There is no question that this last document contains all necessary averments and is in legal form.

In his assignments of error, relator insists the proceeding for his extradition is irregular and illegal because there was no warrant and affidavit duly authenticated by the Chief Executive of the demanding state. The Attorney General insists that because the rendition warrant recites the execution of such warrant and affidavit, the presumption of their execution and delivery arises and will, in the absence of proof to the contrary, defeat relator's claim.

We agree with this statement of law by the Attorney General but we think the only reasonable construction of respondent's answer to the petition for *habeas corpus* is that it admits the noncompliance with the statutory requirements, and that, therefore, the answer itself supplies by its admissions a rebuttal of the presumption.

In his answer respondent denies the illegality of his restraint of relator and says that that restraint is lawful

and regular by reason of the three documents exhibited with his answer and which we have already detailed.

If the respondent had exhibited only the rendition warrant of the Governor of Tennessee, his possession of the necessary documents would have been presumed on account of that warrant's recitals and as the Attorney General insists; but when the respondent goes farther and exhibits the warrant from the Parole Board and that from the Governor of New York, alleging that they are the process upon which he relies to make his restraint of relator legal and regular, we are bound to infer from this allegation that these are the documents in the case. The inclusion of these under such an allegation is the exclusion of all others.

██ ██ Under all the authorities, one charged with breaking his parole is charged with having committed crime within the meaning of the law of extradition, but it cannot be disputed that in the instant case the warrant from the Parole Board contains no affidavit and is not authenticated in any manner by the Chief Executive of the demanding state. The omission of these requirements is fatal and renders the proceeding void, as not being in compliance with the mandatory prerequisites set out in sections 5278, 5279, of the U. S. Revised Statutes, 18 U. S. C. A., secs. 662, 663, passed to carry out section 2, Article IV, of the Constitution of the United States. *State ex rel.* v. *Hackett,* 161 Tenn., 602, 604, 33 S. W. (2d), 422; *Ex parte Dawson,* 8 Cir., 83 F., 306; *Roberts* v. *Reilly,* 116 U. S., 80, 6 S. Ct., 291, 29 L. Ed., 544; *Ex parte Reggel,* 114 U. S., 642, 5 S. Ct., 1148, 29 L. Ed., 250.

It results that the judgment of the trial court must be reversed and the case remanded without prejudice to further proceedings not inconsistent with this opinion.