PONDER, Justice.
On application of the State, we granted writs of certiorari, prohibition and mandamus to inquire into the ruling of the trial judge ordering the release of the defendants ■on the ground that the requisition of the ■Governor of California was not accompanied by a duly certified copy of a sworn statement of the complainant and a statement of facts by the prosecuting attorney.
Upon the requisition of the Governor of ‘California, the Governor of this State issued a warrant for the arrest of the respondents as fugitives from justice and ordered them delivered to the authorities of California. The respondents refused to return to the State of California and a hearing was had, wherein the respondents contested the sufficiency of the supporting documents accompanying the requisition made by the Governor of California.
The relator contends that the supporting documents accompanying the requisition made by the Governor of California were sufficient and in the alternative contends that, in the event it is found that the provisions of LSA-R.S. 15:160 had not been complied with, the requirement of the documents complained of is violative of Section 2 of Article 4 of the Constitution of the United States and the Federal Statute known as Revised Statutes of the United States, Section 5278, 18 U.S.C.A. § 3182. This alternative contention is based on the ground that the Federal Statute sets forth the sole and only requisites for interstate rendition and that the Legislature of this State cannot provide for either more or less, or amend in any way the requisites for interstate rendition.
 Upon examination of the record, we find that the sworn statement of the complainant sets forth a complete statement of the facts and that the statement of the District Attorney sets forth the offense of which the respondents were charged, the law pertinent thereto and certifies that the sworn statement of the complainant is true and correct to the best of his informa *567 tion and belief. It would appear, therefore, that the accompanying documents were sufficient and that the trial judge fell into error in holding otherwise. There was no necessity for the District Attorney to reiterate the facts after stating that the facts contained in the complainant’s sworn statement were true and correct to the best of his knowledge and belief.
The respondents have not favored us with a brief but we assume from statements in the record that the trial judge was of the opinion that the “complainant”, as referred to in LSA-R.S. 15:160, denotes the victim or person wronged in the criminal action pending in the demanding state. This conclusion is erroneous for the reason that it would be impossible to extradite a person charged with murder and prevent those upon whom the duty of the enforcement of the law rests from bringing to justice persons who had committed offenses. In the present -case the complaint was made and sworn to by V. H. Seiveno, a detective of the California Police Department, which is a sufficient compliance with the statute.
Since we have arrived at the conclusion that the supporting documents to the requisition are sufficient, it is not necessary to pass upon the State’s alternative contention.
For the reasons assigned, the writs are made peremptory. The judgment of the lower court is reversed and set aside and the respondents are ordered delivered to the California authorities.