## Commonwealth ex rel. v. Watkins

*Nicholas H. Larzelere*, Assistant District Attorney, for Commonwealth.

*Joseph John Hennessy*, for petitioner.

DANNEHOWER, J. July 17, 1956.—This matter comes before the court on relator's petition for a writ of habeas corpus. Relator is now being held at the Montgomery County Prison at Norristown, on a detainer lodged by the Sheriff of Kershaw County, South Carolina, charging relator with having escaped from the Kershaw County chain gang and alleging that he is now a fugitive from justice of that State. Following extradition proceedings by the executive authority of South Carolina, the Governor of Pennsylvania issued

a warrant ordering the surrender of relator to the appropriate officials of the demanding State. Thereafter this petition was filed.

Relator challenges the validity of the warrant, contending that the requisition for extradition does not comply with the mandatory requirements of the Uniform Criminal Extradition Act of July 8, 1941, P. L. 288, sec. 3, 19 PS §191.3, in that it is not accompanied by a proper copy of an indictment, information supported by affidavit, copy of an affidavit made before a magistrate, copy of any warrant issued or copy of judgment of conviction or of sentence imposed in execution thereof, authenticated by the executive authority making the demand.

A hearing was held and the petition was refused. Relator was then granted an appeal and after argument before the court en banc the matter is now before us pending decision.

Section 3 of the Uniform Criminal Extradition Act, supra, provides, inter alia, as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing, alleging . . . that the accused was present in the demanding state at the time of the commission of the alleged crime and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement. . . . The indictment, information or affidavit made before the magistrate must substantially charge the person de-

manded with having committed a crime under the law of that state, and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

Counsel for relator argues and contends that the extradition requisition does not comply with the mandatory requirements of the act, that the warrant is therefore fatally defective and that accordingly, relator is entitled to be released from the county prison.

Of the papers in the requisition, two are signed by the Governor of South Carolina under the date of March 29, 1956, and are duly authenticated, stating that relator stands charged with the crime of "Escape from Kershaw County chain gang". However, no copy of an indictment or information with respect to this crime appears among the papers. Accompanying documents include a "Certificate of Requisition", which states that relator was present in South Carolina at the time of the commission of the alleged crime and that he is now a fugitive from justice in Pennsylvania, and copies of the arrest warrant and affidavits concerning charges of housebreaking and assault with intent to ravish. Also attached were copies of the sentences which issued upon conviction of the above charges, although these documents bear the date "April 5, 1956".

Thus, counsel for relator argues that the copies of the sentences, which are essential to a valid extradition under the act, could not have been before the governor of South Carolina on March 29, 1956, the date of the signing and authentication of the requisition, and that therefore the entire proceedings are irregular and void for noncompliance with the mandatory requirements of the Extradition Act.

The question raised by relator's petition turns on a technicality involving the meaning and purport of

the explicit provisions contained in the Uniform Criminal Extradition Act. Inasmuch as the governor of Pennsylvania has issued a warrant of arrest and extradition in response to the requisition by the Governor of South Carolina, there is a rebuttable presumption of valid issuance and the burden is on petitioner to overcome this presumption: United States ex rel. v. McClain, 42 F. Supp. 429.

Section 3 of the act states that: "No demand . . . shall be recognized . . . unless . . .", etc., leading us to conclude that strict compliance with the explicit requirements is a condition precedent to the validity of any requisition which is filed under this uniform statutory enactment. Among these requirements is the mandate which provides that: ". . . the copy of . . . sentence must be *authenticated* by the executive authority making the demand." (Italics supplied.)

Since the copies of the sentence in the present case are dated April 5, 1956, and the authentication of the requisition by the Governor of South Carolina is dated ·March 29, 1956, we are faced with the practically inescapable inference that the former documents could not have been before the executive authority of the demanding State at the time of the signing and authentication of the requisition. And inasmuch as they lack separate authentication by the executive authority, we are not permitted to consider them as part of the proceedings and must therefore conclude that the requisition is fatally defective and confers no jurisdiction upon the Governor of this State to arrest and surrender relator to the officials of South Carolina. In failing to properly authenticate the copies of the sentence, the demanding State failed to comply with the explicit provisions of the act and the defect is necessarily fatal and nullifies the requisition. See Com. ex rel. v. Supt. of Philadelphia County Prison, 372 Pa. 595, 597. See also In re Kelsey,

19 N. J. Misc. 488, 21 A. 2d 676; State ex rel. Daugherty v. Payne, 180 Tenn. 268, 174 S. W. 2d 457.

So, according to the strict requirement of our Uniform Criminal Extradition Act of 1941, we are obliged to rule that where the demanding Governor's requisition charges "Escape from Kershaw County chain gang" and there is no accompanying indictment, information or affidavit made before a magistrate for the crime of escape and the judgment of conviction or sentence was dated seven days later and forwarded, and was not authenticated by the executive authority making the demand so that it is apparent that copies of the sentences were forwarded later and were not authenticated by the Governor, the requisition for extradition is fatally defective and the prisoner must be discharged from custody.

The exigencies of good faith and courtesy make possible an atmosphere of friendly coöperation with respect to interstate rendition and help bring about an orderly and expeditious return of fugitives to the demanding States. However, it must be kept in mind that the removal of a person from one State for whom a warrant has been issued is a summary proceeding, and it is therefore of the utmost import that the explicit provisions of the extradition statute be strictly complied with. We cannot in good conscience order a person to the authorities of the demanding State until we are satisfied by some proof of his probable guilt. Every precaution must be taken to prevent his removal on unfounded accusations.

We are in sympathy with the executive authority of the State of South Carolina concerning the present relator inasmuch as he had been in this State but a short time before he committed armed robbery. However, under the circumstances of the case, and due to the failure of the Governor of South Carolina to properly authenticate the essential documents of the ex-

tradition requisition, we have no recourse under the law except to grant to petitioner the writ of habeas corpus prayed for.

### Order

And now, July 17, 1956, for the foregoing reasons, the writ is granted and relator, Henry Faison, is ordered discharged from custody.