WILLIAMS v. PICKWICK-GREYHOUND LINES, INC.

(January 19, 1931.  Opinion and Decree.)

Claude W. Duke, of New Orleans, attorney for plaintiff, appellee.

Edw. Rightor and W. H. Sellers, of New Orleans, attorneys for defendant, appellant.

JANVIER, J.  This is a suit against a long-distance autobus line for the value of a suitcase and certain personal articles said to have been contained therein when it was lost en route between Detroit, Mich., and New Orleans, La.

Plaintiff and his suitcase were being transported in an autobus of defendant under a contract of carriage entered into in Detroit, Mich.

The suitcase seems to have been located at each main junction point, or stop, until the bus reached Jackson, Miss., at which place it could not be found.  Some time after making claim for the articles lost, plaintiff was tendered a suitcase and certain contents which had been discovered by defendant and which had not been claimed by any one else, and which, it was presumed belonged to plaintiff.  However, according to plaintiff, this suitcase was not his, although it was shown to contain certain articles which he identified as belonging to him, and although certain clothing therein was of the proper size to fit him.  It was intimated by defendant that the list of articles claimed by plaintiff to have been in the lost suitcase when it disappeared contains clothing more expensive and more numerous than would reasonably be found in the wardrobe of a man of plaintiff's earning capacity.  He, however, maintains that the list as prepared by him is correct, and, in the absence of any evidence to the contrary, we find ourselves unable to do other than accept his testimony.

The amount claimed was $166.48 and the judgment rendered by the trial court awarded plaintiff $100, the judge, a quo, having apparently been of the opinion that

too high a value had been placed upon some of the articles.

Defendant has appealed from this judgment, and plaintiff has answered the appeal asking that the judgment be increased to the amount originally prayed for.

In addition to the contention that the suitcase tendered plaintiff is the one actually lost by him, defendant maintains that, at all events, recovery should be limited to $25, because of a printed clause alleged to have been contained in the ticket, or agreement of carriage, and also alleged to have been contained in printed tariffs said to be on file with the railroad or public service commission in each of the states in which defendant operates. The printed clause reads as follows:

"Baggage Liability (b) Pickwick-Greyhound Lines, Inc., is not responsible for baggage unless properly checked at time passengers board bus. The Company's limit on all baggage liability in the event of loss or accident is Twenty Five ($25.00) Dollars."

Defendant thus contends, first, that the stipulation limiting liability was actually made known to plaintiff by reason of the fact that it was contained in the ticket, or agreement of carriage, and that, even in the absence of such actual knowledge, plaintiff had constructive knowledge thereof by reason of the fact that it was contained in the printed tariffs on file in the various states, and particularly in that state in which the agreement of carriage was entered into.

In Lawes v. N. O. Transfer Co., Inc., 11 La. App. 170, 123 So. 144, we considered a case in which a person had intrusted to a local express company baggage for transportation from the railroad station to her residence. The receipt given her contained a stipulation limiting liability to a fixed amount. We held that, in the absence of a showing of actual knowledge of the existence of the stipulation limiting liability, it was not binding on the owner of the baggage. We felt that the case presented there was different from that in which an interstate carrier by rail is permitted to limit its liability to a fixed amount, regardless of whether the other party has knowledge of the stipulation. Boston & Maine R. R. Co. v. Hooker, 233 U. S. 97, 34 S. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450. In the Lawes case the document presented to the owner of the baggage was nothing more than a receipt and could not be considered as a contract containing special stipulations, unless those stipulations were actually brought to the knowledge of the owner of the baggage, and we based our conclusion in this regard, to some extent, on the reasoning in the matter of Zimmer v. New York, etc., R. R. Co., 137 N. Y. 460, 33 N. E. 642, 643, in which the court said:

"Cases where parties proposing to have articles of property transported by a common carrier deliberately enter into some necessary contract relating to the transportation, differ materially from those cases of travelers who commit their trunks or articles of baggage to an agent of some express or transfer company, and receive at the moment some paper, which, as it has been said, amounts simply to a voucher enabling them to follow and identify their property. Madan v. Sherard, 73 N. Y. 329 [29 Am. Rep. 153]. The difference is very obvious in the circumstances, which, in the one case, usually admit of no negotiation or discussion, while, in the other, the shipment of the property is a matter of arrangement, with full opportunity for deliberate action."

We also felt that the Lawes case was distinguishable from the case of the limitation contained in the tariff filed by the interstate carrier with the Interstate Com-

merce Commission, because, under the Carmack Amendment of June 29, 1906 (49 USCA sec. 20), such interstate carriers are expressly given permission to stipulate for limitation of liability and to make such stipulation effective by filing tariffs containing them with the Interstate Commerce Commission. Thus the filing of the tariff with that commission constitutes constructive notice to all the world, and actual notice is not necessary.

It is argued that the filing of the tariffs by defendant here with the commissions of the various states through or in which it operates should be held to constitute constructive knowledge to all persons purchasing tickets within states in which the tariffs are filed, and that, in the case now before us, plaintiff himself, by accepting and using the ticket containing the stipulation for limitation of liability, acquiesced therein and was bound thereby. We are impressed with the thought that, if such a limitation is on file in the various states, to permit it to be enforced against one person to whose knowledge it may be brought, and to permit its waiver in the case of another person who may not have actual knowledge of its existence, would place it in the power of the carrier to effect unjust and unfair discrimination.

We find it, however, unnecessary to pass upon the question of whether the filing of such a tariff with the local commission would constitute such constructive notice as would be effective against a person without actual notice because the evidence is not sufficient to justify us in holding that such tariffs were actually filed in the present instance, except in the state of Louisiana. The testimony of Mr. Moore, the district passenger agent, is not, in our judgment, sufficient to warrant a finding that, at the time the ticket was sold to

plaintiff, such a tariff was on file in Michigan. Mr. Moore's statement is nothing more than a general averment that it is the custom of the company to file its tariffs with the various commissions, but, since the entire contention of defendant depends upon the actual proof that the tariffs were filed in this case, it seems to us that it would have been a very simple matter to obtain from the proper official of the state of Michigan proof such as was obtained from a similar official in the state of Louisiana, and which proof, if obtained, would have made it certain that the tariffs were on file in that state. Limitation of liability is a special defense, and on defendant rests the burden of satisfactorily proving the existence of those conditions on which it depends.

Nor is there sufficient evidence to show that the ticket sold to plaintiff contained such a stipulation. Here, again, all that the evidence of Mr. Moore shows is that it was the custom of the company to print such stipulations on its tickets. It is contended that the ticket sold to Williams was signed by him. The ticket was collected by the company and should be in its possession, or its absence properly accounted for. Here, again, defendant was under the burden of proving the facts on which its defense depended and it did not do so to our satisfaction.

We find ourselves entirely unable to form an opinion with regard to the value of the articles lost and must rely upon the fact that the trial judge saw and heard the witnesses and was in better position than are we to determine that question of fact.

The judgment appealed from is affirmed at the cost of appellant.

HIGGINS, J., takes no part.