Denney *v.* Fenton Storage Company, Appellant.

Argued October 8, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thomas O. Haydock, Jr.,* for appellant.

*Nochem S. Winnet,* for appellee.

OPINION BY RHODES, J., November 17, 1936:

Plaintiff brought an action in assumpsit to recover the value of certain articles placed in storage with the defendant and not returned. The case was tried before GLASS, J., without a jury, who found for the plaintiff. Defendant's motion for a new trial was dismissed. This appeal was then taken by defendant from the judgment entered on the finding.

In the statement of claim plaintiff averred that defendant orally agreed, on or about May 1, 1934, to pack, move, store, and later return plaintiff's furniture and household goods; that defendant packed, moved, and stored plaintiff's furniture and household goods, which included the following: silver service set, silver bowl, carpet sweeper, washboard, and electric iron; that on or about October 1, 1934, defendant returned the stored goods, excepting the items mentioned; and that plaintiff paid defendant the agreed packing, moving, and storage charges.

Defendant, in its affidavit of defense, admitted the oral contract, the payment of the charges by the plain-

tiff, and that the articles in question were not returned by the defendant to the plaintiff; but it therein denied that said articles were ever received, packed, or moved by the defendant. The pertinent portions of the pleadings were offered in evidence.

At the trial, however, defendant admitted the receipt and value of the missing articles except the silver set and silver bowl.

Thus there were presented for determination by the court below two issues: (1) Was there delivery of the two items of silverware to the defendant? (2) If so, was their value proved by sufficient competent evidence? Testimony, offered on behalf of the defendant, not related to these matters was properly excluded by the court below, and requires no further comment by us.

Plaintiff testified that the two articles of silverware were packed in a buffet by the employees of the defendant, in his presence, and moved for storage. Although witnesses for the defendant testified that the silverware was not received and packed, as described by the plaintiff, the evidence warranted the finding of the court below that there was a delivery thereof to the defendant. This was purely a question of fact to be determined by the trial judge.

Plaintiff also testified as to the value and the condition of the silverware. The admission of his testimony as to value has been assigned as error. Plaintiff testified that the silver set and the silver bowl were gifts received in 1929; that they were in excellent condition and not damaged in any way; that he was able to replace the silver bowl at a cost of $10; that the price of similar silver service sets ranged from $150 to $400 at reputable dealers. After calling at various dealers and giving the approximate size and examining a number of sets which he was shown, he found, and so testified, that sets exactly the same in weight and appearance were priced at $150.

Over the objection of the defendant, the court below admitted the testimony of the plaintiff as to value of the silverware. Although the testimony was meager, and, under the circumstances, to be accepted with caution, it was sufficient upon which a finding for the plaintiff could be made. It was for the court below to be the judge of the credit to be attached to the plaintiff as a witness, and to avoid any injustice or injury to the defendant. Notwithstanding the testimony of the plaintiff as to the condition and replacement cost of the silverware, the court below in making its finding for the plaintiff allowed for depreciation. The silverware had been in the possession of the plaintiff for several years, and he was familiar with it. With reputable dealers in his city he found, as he testified, the same articles, and, from his knowledge of the prices for which they sold, was competent to testify as to the value of his own. See *Patterson v. Union Transfer Company,* 87 Pa. Superior Ct. 257; Wigmore on Evidence (2d Ed.), vol 1, p. 1134, §716. The plaintiff, as owner, could testify as to the value of the lost articles, as he had knowledge of the cost of their replacement. His testimony as to what it would or did cost to replace them with the same kind was admissible. See *Fedas v. Insurance Co. of the State of Pennsylvania,* 300 Pa. 555, 564, 151 A. 285, 288; *Esper v. Northwestern Nat. Ins. Co. of Milwaukee, Wis. et al.,* 113 Pa. Superior Ct. 243, 173 A. 724; *Lloyd v. Haugh,* 223 Pa. 148, 72 A. 516; *Adams Express Company v. Schlessinger,* 75 Pa. 246; *Mish v. Wood et ux.,* 34 Pa. 451.

Assignments of error are overruled. Judgment is affirmed.