THOMAS v. NATIONAL DELIVERY ASS'N, Inc.
No. 8598.

District Court, W. D. Pennsylvania.
Sept. 10, 1937.

Ella Graubart, of Pittsburgh, Pa., for plaintiff.

Margiotti, Pugliese, Evans & Buckley, of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action in trespass to recover the value of plaintiff's household goods demolished in course of their transit from New York to Pittsburgh.

Defendant entered into a contract to transport these goods from New York to Pittsburgh. The truck in which defendant was transporting them was overturned on the highway and the goods completely demolished. Plaintiff recovered a verdict for $3,816. Defendant has moved for judgment in its favor, notwithstanding the verdict, or in lieu thereof, for a new trial.

The written contract between the parties contains, among other provisions, the following:

"1. The Association reserves the right to accept or refuse any order for the transportation of goods. It is not a common carrier, and therefore is not an absolute insurer of the goods; its liability for moving, packing, and handling being limited to ordinary care. * * *

"2. The shipper hereby declares that the total value of the goods to be shipped is $2,000. * * *

"3. The Association agrees to insure the shipper to the extent of $2000 for each van load carried, against loss by fire, collision, overturning, collapse of bridges, floods, and perils while crossing inland waters. * * *"

The plaintiff contends the defendant is "a common carrier" under the provisions of the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., and therefore the provisions of the contract limiting liability are not effective, in view of the fact that it had not filed with the Interstate Commerce Commission any common carrier tariffs containing provision for limiting liability. The defendant contends that it is a contract carrier, under the provisions of the Act of 1935, and that, therefore, its contract with the plaintiff was a valid contract.

We submitted to the jury the question of whether or not the defendant was, in fact, a common carrier, and instructed the jury that if it was found to be a common carrier, the plaintiff was entitled to recover the value of the goods demolished. The jury, finding the defendant to be a common carrier, assessed the value of the plaintiff's goods demolished by the overturning of the truck at $3,816.

The defendant urges that this Court erred in submitting this question to the jury, and that we should have determined as a matter of law that the defendant was a contract carrier, and that as the plaintiff had failed to present any evidence of want of care, we should have directed a verdict for the defendant.

We are of the opinion that the case was properly submitted to the jury. The defendant filed an application with the Interstate Commerce Commission for a permit to operate as a contract carrier, for a certificate to operate as a common carrier, and for a brokerage license. No action had been taken by the Interstate Commerce Commission prior to its contract with the plaintiff on these applications, but in view of Sections 206(a) and 209(a) of the Motor Carrier Act of 1935, 49 U.S.C.A. §§ 306(a), 309(a), both types of operation in which the applicant was engaged, might be lawfully continued pending determination by the Commission on the application. Therefore, at the time it contracted with the plaintiff, the defendant might lawfully operate, both as a common carrier, and as a contract carrier. Which was defendant in its dealings with plaintiff?

Section 203, subd. (a), par. (14), of the Motor Carrier Act of 1935, 49 U.S.C.A. § 303(a)(14), thus defines a common carrier: "The term 'common carrier by motor vehicle' means any person who or which undertakes, whether directly or by a lease or any other arrangement, to transport passengers or property, or any class or classes of property, for the general public.

in interstate or foreign commerce by motor vehicle for compensation, whether over regular or irregular routes; including such motor vehicle operations of carriers by rail or water, and of express or forwarding companies, except to the extent that these operations are subject to the provisions of Part I [chapter 1 of this title]."

In which status was the defendant dealing with the plaintiff? That we left to the Jury to determine under the evidence.

In Williston on Contracts, Revised Edition, Vol. 4, Section 1072, at page 2983, the applicable rule is thus stated: "The law determines common carrier status by what is done rather than by the corporate character or declared purposes, and so long as the service is actually rendered on a public basis, lack of authority so to operate, disclaimer or subterfuge designed to simulate private carriage will not absolve the proprietor from the duties of common carriage."

This definition finds support in United States v. Ramsey, 8 Cir., 197 F. 144, 42 L.R.A.,N.S., 1031; Lloyd v. Haugh & Keenan Storage & Transfer Co., 223 Pa. 148, 153, 154, 72 A. 516, 21 L.R.A.,N.S., 188; James v. Public Service Commission, 116 Pa.Super. 577, 177 A. 343; Erb v. Public Service Commission, 93 Pa.Super. 421.

There was evidence from which the jury could have found the defendant was a common carrier, i. e., it advertised in telephone directories and on letter-heads that it was ready to transport furniture for the public for compensation; its president testified that it would serve all responsible persons who applied; the carriage of household goods was the regular business of defendant; and daily it operated trucks over the same routes.

■ We then have the question of whether the defendant, as a common carrier, has properly limited its liability. Common carriers under the Motor Carrier Act of 1935 are subject to the provisions of the Interstate Commerce Act (49 U.S.C.A., § 20(11), which provides for the filing by the carrier of its tariffs and contracts limiting liability, which must be approved by the Commission. We hold that it has not limited its liability, because it has failed to file tariffs with the Interstate Commerce Commission as a common carrier, in accordance with the Act, although it did file schedules as a contract carrier.

■ Defendant contends it is protected by the Released Rates Order M. C. No. 2 of the Interstate Commerce Commission. We cannot see that this order protects the defendant as a common carrier, because it has neither filed any tariffs as a common carrier, nor had its contracts as a common carrier limiting liability approved by the Interstate Commerce Commission. It does not help the defendant as a common carrier that it has filed its schedules as a contract carrier. We therefore conclude that we cannot grant judgment for the defendant n. o. v.

■ We now have to consider whether there was such error in the course of the trial as to require us to grant a new trial of this case. Defendant contends that we erred in permitting plaintiff to testify as to the value of her household goods lost in transit. We are not convinced we erred in that respect. We have always understood the rule to be that the owner of household furniture and personal effects was competent to testify as to its value. Barrett v. Fournial, 2 Cir., 21 F.2d 298; Wigmore on Evidence, 2d Ed. Vol. 1, Sec. 716; 22 Corpus Juris, § 683; Denney v. Fenton Storage Company, 124 Pa.Super. 81, 188 A. 92; Whitesell v. Crane, 8 Watts & S., Pa., 369; Lloyd v. Haugh & Keenan Storage & Transfer Co., 223 Pa. 148, 156, 72 A. 516, 21 L.R.A.,N.S., 188.

■ Defendant also urges that we erred in refusing to permit defendant to cross-examine Maurice Kressin, President of defendant company, who was called for cross-examination by plaintiff. Defendant has not shown or urged that it has been injured in any way, or that it did not get before the jury all the evidence Kressin had to offer as to the matter with reference to which he was called to testify on cross-examination by plaintiff. Defense counsel states he does not have the typewritten record of the testimony of this witness and cannot discuss in detail his testimony. At least he has not shown that defendant's case was prejudiced in any particular by our refusal to permit him to cross-examine Kressin, his own witness.

■ The only other point raised by defendant that needs discussion is that of interest. We believe we properly instructed the jury in that respect, for as we view the law, interest is allowable from the time the property should have been delivered in imposing damages upon a carrier for the

neglect to deliver. Lehigh Valley Railroad Company v. State of Russia, 2 Cir., 21 F.2d 396, 406.

Defendant's motion for judgment n. o. v. and for a new trial will be denied.