## TENNESSEE COACH CO. v. CARTER.—182 S. W. (2d) 121.

Eastern Section. November 2, 1943.

Petition for Certiorari denied by Supreme Court, May 6, 1944.

Simmonds & Bowman, of Johnson City, for plaintiff in error.

George N. Barnes and Sam W. Price, both of Johnson City, for defendant in error.

McAMIS, J. This is an action to recover the value of baggage checked by a passenger on an interstate trip. The carrier, Tennessee Coach Co., tendered into court $25 as the limit of its liability. The Circuit Judge rendered judgment for $225, the full value of the baggage, and, its motion for a new trial having been overruled, the defendant has appealed in error to this court.

By its assignments defendant insists that the court erred in refusing to hold that the contract on the baggage check and its tariff on file with the Interstate Commerce Commission effectually limited its liability for baggage loss to $25. Plaintiff concedes that under the Motor Carriers Act of 1935, 49 U. S. C. A., section 301 et seq., defendant, as a motor carrier, is amenable to regulations of the Interstate Commerce Commission but insists that there is no proof that it has ever filed a tariff with the Commission and had it approved by the Commission; that plaintiff had no actual knowledge of the purported limitation on the reverse of the baggage check and that, in the absence of proof that a tariff on file with, and approved by, the Commission limited defendant's liability to $25, knowledge of the limitation is not to be imputed to her.

At the close of the introduction of evidence, counsel for defendant announced that defendant offered in evidence a certified copy ''of the tariff.'' The Circuit Judge has identified as a part of the bill of exceptions a document, filed by the Clerk of the trial court on February 22, 1943, to which is attached a certificate of the Secretary of the Interstate Commerce Commission. The language of this certificate is:

''I, W. P. Bartel, Secretary of the Interstate Commerce Commission, do hereby certify that the sheets here-

to attached, and more particularly hereinafter described, constitute a true copy of National Bus Traffic Association, Inc., Agent Local and Joint Baggage Tariff No. 500-F, M. P.—I. C. C. No. 121, and Supplement No. 1 thereto, filed with the said Commission on the dates specified below, the originals of which are now on file and of record in the office of said Commission . . .''

The certificate then notes several dates on which revisions were made up to April 24, 1942. In the body of the attached document appear the names of numerous bus companies, including Tennessee Coach Co., and, inter alia, it contains a provision for limiting liability to $25 where baggage is checked by a passenger paying a full fare unless a higher declared value is made and ten cents additional paid for each $100 in value in excess of $25.

Taking the certificate at its full face value, we are unable to say that defendant had any connection with the filing of the attached tariff. The certificate shows that the tariff was filed by the National Bus Traffic Association, Inc. There is no proof, nor does the certificate purport to show, that it acted as agent for Tennessee Coach Co. or that it had any authority to bind Tennessee Coach Co. by the filing of a tariff binding upon it in the operation of its business. We cannot take judicial notice of a tariff applicable to a particular carrier or assume that defendant was a member of the Association which appears to have filed the tariff attached to the certificate.

The burden of proof was upon defendant to show, at least, that it had filed with the Commission a tariff limiting its liability to $25 and to show the conditions on which the existence of the right to claim a limitation depended. Williams v. Pickwick-Greyhound Lines, 15 La. App. 344, 131 So. 860; Morgan v. Woolverton, 136 App. Div. 351,

120 N. Y. S. 1008; Verner v. Sweitzer, 32 Pa. 208; 13 C. J. S., Carriers, section 897, page 1728.

The Commission has power, upon complaint being filed with it or upon its own motion, to modify tariffs from time to time and there is authority for the view that a tariff limiting liability must be both filed with, and approved by the Commission. Thomas v. National Delivery Ass'n, Inc., D. C., 24 F. Supp. 171. See Boston & M. R. R. v. Hooker, 233 U. S. 97, 34 S. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450.

Since it is shown that defendant was participating in interstate transportation and, by the Motor Carriers Act, such transportation is made unlawful except when conducted under the dispensation of the Interstate Commerce Commission, it may properly be presumed that defendant was not operating illegally and had filed with the Commission a tariff regulating its operations, but this presumption does not relieve it of the necessity of showing that the tariff under which it operated at the time in question provided for a limitation of liability for the loss of baggage.

The case is different from Cincinnati, N. O. & T. P. R. Co. v. Rankin, 241 U. S. 319, 36 S. Ct. 555, 60 L. Ed. 1022, L. R. A. 1917A, 265, and our own cases of Louisiana & M. R. Co. v. Hobbs, 136 Tenn. 512, 190 S. W. 461, and Southern R. Co. v. Lewis & Adcock Co., 139 Tenn. 37, 201 S. W. 131, L. R. A. 1918C, 976, because, in those cases, the limitation relied upon was contained in the bill of lading, signed by the shipper, which made specific reference to the published tariff. In the case first cited, Mr. Justice McReynolds, speaking for the Court, said [241 U. S. 319, 36 S. Ct. 558, 60 L. Ed. 1022, L. R. A. 1917A, 265]:

"The essential choice of rates must be made to appear before a carrier can successfully claim the benefit of such

a limitation and relief from full liability. And as no interstate rates are lawful unless duly filed with the Commission, it may become necessary for the carrier to prove its schedules in order to make out the requisite choice. But where a bill of lading, signed by both parties, recites that lawful alternate rates based on specified values were offered, such recitals constitute admissions by the shipper and sufficient prima facie evidence of choice. If, in such a case, the shipper wishes to contradict his own admissions, the burden of proof is upon him."

In the Hobbs case [136 Tenn. 512, 190 S. W. 463], it was said, by way of interpretation of the holding in the Rankin case, that the gist of the decision in the Rankin case was that recitals in the bill of lading constitute admissions by the shipper "rendering it unnecessary for the carrier 'to prove its schedules in order to make out the requisite choice.'"

It is well settled that the usual baggage check delivered to a passenger is not the contract of carriage but is a receipt merely, intended to afford evidence of ownership. Ferris v. Minneapolis, etc., R. Co., 143 Minn. 90, 173 N. W. 178; Zimmer v. New York Central, etc., Co., 137 N. Y. 460, 599, 33 N. E. 642, 643; Wiener v. Compagnia Generale, etc., 6 Cir., 61 F. 2d 893; Isaacson v. New York Cent., etc., Co., 94 N. Y. 278, 286, 46 Am. Rep. 142; Payne v. Norman, Tex. Civ. App., 249 S. W. 882, 885.

It is accordingly held that a passenger who checks baggage in a check room of a railroad company for safekeeping is not bound by a printed notice on the check which purports to limit liability to a specified amount, unless such person has knowledge of the limitation and assents to it. According to some courts, the rule is different where the terms of the transportation are set forth in the ticket. See 13 C. J. S., Carriers, section 877, page

1704, 1705. In this case the ticket was not introduced in evidence and there is no showing that it contained any reference to published tariffs, or contained a limitation of liability; nor, as already stated, is there any showing that plaintiff had actual knowledge of the limitation.

The distinction between a ticket and a baggage check is well expressed by the New York Court in Zimmer v. New York, etc., R. R. Co., supra [137 N. Y. 460, 33 N. E. 643], as follows:

"Cases where parties proposing to have articles of property transported by a common carrier deliberately enter into some necessary contract relating to the transportation, differ materially from those cases of travelers who commit their trunks or articles of baggage to an agent of some express or transfer company, and receive at the moment some paper, which, as it has been said, amounts simply to a voucher enabling them to follow and identify their property. Madan v. Sherard, 73 N. Y. 329 [29 Am. Rep. 153]. The difference is very obvious in the circumstances which, in the one case, usually admit of no negotiation or discussion, while, in the other, the shipment of the property is a matter of arrangement, with full opportunity for deliberate action."

We think notice of the limitation is not to be imputed from the stipulation appearing on the baggage check and defendant, having in our opinion failed to show that the tariff offered in evidence was applicable to its operations, notice is not to be implied upon that ground. There is not shown an opportunity of choice between two alternate rates and we think the Circuit Judge correctly held defendant liable for the full value of the baggage. Assignments overruled and judgment affirmed with costs.

On Petition to Rehear.

Defendant has petitioned for a rehearing and points to the following excerpts from the pages attached to the certificate:

"Local and joint baggage tariff No. 500-F. baggage rules, regulations, rates and charges applying in connection with the transportation of baggage and other articles that may be transported in baggage service at and between stations on the lines of the issuing carriers shown herein."

"The form of this tariff is authorized by permission of the Interstate Commerce Commission No. 7689 of March 6, 1942, which expires with March 6, 1944."

"Issued by: National Bus Traffic Association, Inc., Agent, acting for issuing carriers under Powers of Attorney on file with the Interstate Commerce Commission and various State Commissions as shown."

"This Tariff is published and filed by the National Bus Traffic Association, Inc., Agent . . . for and on behalf of the following listed 'issuing carriers', under authority of Powers of Attorney, as shown below and as filed with the Interstate Commerce Commission . . ."

On authority of State, ex rel. v. Payne, Tenn. Sup., 174 S. W. (2d) 457, published after our opinion was filed in this case, the recitals of the certified document afford prima facie evidence of agency which we thought lacking in our original consideration of the case. The petition to rehear is granted and the judgment heretofore entered will be vacated. Judgment will be entered here against defendant for $25 plus costs accruing up to the date of the tender in the Law Court. The remaining costs will be taxed to plaintiff and the cause remanded for proper

distribution of the sum tendered. However, in view of the doubtful effect of the certificate prior to the publication of the opinion in the above case, plaintiff may upon application within 15 days after the filing of this opinion have a remand for the purpose of permitting her to rebut the prima facie showing that defendant operated under said tariff at the time in question.

Hale and Burnett, JJ., concur.