## KIRCHOFF v. SOUTHERN PAC. CO.
### No. 26079.

District Court, N. D. California, S. D.
Nov. 18, 1946.

Ernest E. Emmons, Jr., of San Francisco, Cal., for plaintiff.

Louis L. Phelps, A. B. Dunne and Dunne & Dunne, all of San Francisco, Cal., for defendant.

HARRIS, District Judge.

The plaintiff, Helen Kirchoff, a passenger on defendant's train, checked her suitcase with a "Red Cap" porter before boarding the train. The suitcase was lost and the circumstances thereof unexplained. She seeks recovery of the alleged full value of her suitcase and its contents in the amount of $3,170.93, in a complaint described as one for "Cancellation of the Instrument."

The baggage check contained a printed provision that defendant's liability for loss should not exceed $50.00 per hand-trunk, suitcase or traveling bag and contents. The liability is provided by Civil Code of California, section 2178, which reads: "A common carrier of property by steam or electric railroad which accepts for transportation, storage, handling or safekeeping, as a part of or in connection with passenger transportation, property carried in trunks, valises, suitcases, traveling bags, boxes, bundles or packages, shall not be liable, in the event of loss of or injury to the same, for more than one hundred dollars for each trunk and contents, nor more than fifty dollars for each valise and

contents, or suitcase and contents, or traveling bag and contents, nor more than ten dollars for each box, bundle or package and contents, unless the carrier shall have consented in writing to assume a greater liability. The term 'common carrier' as used in this section shall include sleeping-car companies."

Plaintiff prays that the baggage check be declared "void and of no effect" and for a decree that plaintiff is not bound thereby.

Under separate counts in the complaint plaintiff alleges as the basis for the rescission (1) mistake; (2) undue influence; (3) oppressive or unfair advantage, and (4) fraud and deceit.

There is no serious dispute with respect to the evidence, and it may be summarized: On December 16, 1945, plaintiff went from San Francisco to Glendale, California, aboard the Southern Pacific train, Daylight Limited, south bound; she went to the Third and Townsend Streets Station, San Francisco, in a taxicab with her husband, and at that time had a small suitcase which contained clothes, personal effects and a fur cape.

A "Red Cap" porter took the bag and gave her a claim or baggage check, which she accepted but did not read then, nor on the train, nor at any time before her arrival at Glendale. She was met at Glendale by her son; she gave him the baggage check, whereupon he secured her suitcase.

On December 22, 1945, Mrs. Kirchoff returned to San Francisco aboard the Southern Pacific train, Daylight Limited, north bound. She was driven near, but not up to the Glendale Station by a friend. At this time she had with her the suitcase which contained clothes, pearls and a fur cape. On this occasion it was raining. A porter took her suitcase and gave her a claim or baggage check. Plaintiff told him the train number and seat number and told him to put her bag there. He said "Yes." Thereafter she tipped him, and he "went on his way somewhere and I, in a hurry, stepped into the station to get away from the rain."

Plaintiff did not look at the check. She placed it in her bag and did not read it then, nor on the train, nor any time before her arrival in San Francisco. It appears she did not read the baggage check until a month after her arrival, and then only after the terms were called to her attention by agents of the defendant.

Upon boarding the train plaintiff learned that her suitcase was not in the seat. An immediate search was made by defendant's agents and a telegram dispatched. The bag was never found.

Apart from Civil Code of California Section 2178, the effective tariff under which baggage is handled by "Red Cap" porters, filed with the California Railroad Commission, provides in Rule 52, in substance, that in handling of baggage by porters to and from train, common carriers shall not be liable in the event of loss for more than $50.00 for each valise and contents, or suitcase and contents, or traveling bag and contents, unless the carrier shall have consented in writing to assume a greater liability. If a passenger declares a greater value specified in writing there will be a charge at the rate of 10¢ for each additional $100.00 valuation, and a declaration of value exceeding $500.00 will not be permitted on baggage handled by "Red Cap" porter service.

It appears that plaintiff did not declare or disclose a greater value than $50.00, and paid no additional charge. The money she gave the "Red Cap" porter was for a "tip." No demand was made on him for any excess valuation.

The Court has examined the testimony and the briefs on file. There is neither legal nor evidentiary support for the allegations embraced in the complaint as the basis for the rescission of the contract or the cancellation of the instrument, i.e.—the baggage check.

The loss of the plaintiff's suitcase is, therefore, covered by the tariff referred to and the plain provisions of Civil Code of California, Section 2178.

In Boston & Maine Railroad v. Hooker, 233 U.S. 97, 34 S.Ct. 526, 58 L.Ed. 868, L.R.A.1915B, 450, Ann.Cas.1915D, 593, the plaintiff, a passenger, brought an action to recover the amount of the loss of certain baggage belonging to her which had been transported from Boston, Massachusetts,

to Sunapee Lake Station, New Hampshire. Plaintiff recovered a judgment in the amount of $2,253.77, notwithstanding a tariff limiting the liability of defendant to $100.00. From the facts found therein it appeared that at the time the baggage was checked the plaintiff "had no notice of the regulations hereinafter referred to, limiting the liability of the defendant (further than such notice is to be presumed from the schedules filed and posted as hereinafter stated); that no inquiry was made by the defendant on receiving the plaintiff's baggage as to its value; that there was no evidence that any more expensive or different mode of transportation was adopted for baggage the value of which was declared to exceed $100 than for other baggage; that any reasonable person would infer from the outward appearance of the plaintiff's baggage when tendered to the defendant for transportation that the value largely exceeded $100, and that the loss of plaintiff's baggage was due to the negligence of defendant."

The Supreme Judicial Court of Massachusetts, 209 Mass. 598, 95 N.E. 945, Ann. Cas.1912B, 669, entered judgment for the plaintiff for the full amount, despite the tariff limitation.

The Supreme Court held that the defendant's liability was limited to $100.00, as provided for in the tariff. The Court said in part (233 U.S. 97, 34 S.Ct. 531, 58 L.Ed. 878, L.R.A.1915B, 450, Ann.Cas.1915D, 593):

"We are therefore of the opinion that the requirement published concerning the amount of the liability of the defendant, based upon additional payment where baggage was declared to exceed $100 in value, was determinative of the rate to be charged, and did not affect the service to be rendered to the passenger, as it fixed the price to be paid for the service rendered in the particular case, and was, therefore, a regulation within the meaning of the statute.

"By permitting the baggage regulations, including the excess valuation rate, to be filed and become part of the tariff schedules, the rule of the common law that the carrier becomes an insurer of the safety of baggage against accidents not the act of God or the public enemy or the fault of the passenger (the rule established in this country, 3 Hutchinson, Carr. § 1241) was not changed. The effect of such filing is to permit the carrier by such regulations to obtain commensurate compensation for the responsibility assumed for the safety of the passenger's baggage, and to require the passenger, whose knowledge of the character and value of his baggage is peculiarly his own, to declare its value and pay for the excess amount."

In Galveston, H. & S. A. R. Co. v. Woodbury, 254 U.S. 357, 41 S.Ct. 114, 65 L.Ed. 301, it appeared that the plaintiff was not told when she purchased her ticket, or when she checked her trunk, that there was any limitation upon the amount of the carrier's liability. It did not appear whether the ticket purchased contained notice of any such limitation. The defense was that the company was not liable for more than $100.00, since it had filed and published a tariff limiting the liability to that amount unless the passenger declared a higher value and paid excess charges, which Mrs. Woodbury had not done. The Supreme Court concluded that the carrier and passenger were bound by the provisions of the published tariffs.

Plaintiff, in seeking a "Cancellation of the Instrument" and to have the baggage check declared "void and of no effect," has clearly misconceived the issue and the elements of the contract involved. It is well settled that the usual baggage check delivered to a passenger is not the contract of carriage, but is a receipt merely, intended to afford evidence of ownership. Tennessee Coach Co. v. Carter, 27 Tenn.App. 479, 182 S.W.2d 121, 122; 13 C.J.S., Carriers, § 877, p. 1704.

In Hartzberg v. New York Central R. Co., 181 Misc. 129, 41 N.Y.S.2d 345, 347, an action was brought by a firm of wholesale diamond jewelers against a carrier to recover the value of the contents of a jeweler's sample trunk, allegedly lost through negligence. Defendant issued to plaintiff a receipt containing a proviso: "Baggage liability is limited in accordance with tariff regulations. Excess valuation will be subject to charge of 10 cents for each $100." The defendant asserted sev-

eral defenses including those based upon tariff provisions. The plaintiff's trunk contained clothing belonging to a salesman, and also jewelry valued at $169,078.47. The Court observed that the contract was one predicated upon, and given force and effect by the filing of the tariff regulations by the defendant.

"Tariffs containing similar rules have obtained judicial recognition and approval of their intended effect in limiting a carrier's liability for loss of passenger baggage to the agreed or declared value set forth in the tariff in the absence of declaration of greater value and payment of excess charges. Such limitations have been sustained even when the loss has been occasioned by the negligence of the carrier. Boston & M. R. R. v. Hooker, 233 U.S. 97, 34 S.Ct. 526, 58 L.Ed. 868, L.R.A.1915B, 450 [Ann.Cas.1915D, 593]; Galveston, H. & S. A. R. Co. v. Woodbury, 254 U.S. 357, 41 S.Ct. 114, 65 L.Ed. 301.

"Such limitation of liability to a declared or agreed value with proper charges dependent thereon 'has no tendency to exempt from liability for negligence.' Hart v. Pennsylvania R. Co., 112 U.S. 331, 340, 5 S.Ct. 151, 156, 28 L.Ed. 717; see also, Kansas City So. R. Co. v. Carl, 227 U.S. 639, 33 S.Ct. 391, 57 L.Ed. 683. In such cases valuation agreements between passenger and carrier are given effect and sustained against the passenger, upon the theory of estoppel beyond the agreed amount. Union Pacific R. Co. v. Burke, 255 U.S. 317, 41 S.Ct. 283, 65 L.Ed. 656; Hart v. Pennsylvania R. Co., supra. 'The effect of the filing gives the regulation as to baggage the force of a contract determining "Baggage liability".' Boston & M. R. R. v. Hooker, supra, 233 U.S. at page 120, 34 S.Ct. at page 532, 58 L.Ed. 868, L.R.A. 1915B, 450 [Ann.Cas.1915D, 593]." 41 N.Y.S.2d 351.

Judgment in the Hartzberg case went for plaintiff in the amount of $126.67, the liability based on the tariff.

■ In the case at bar the trip was intra-state; the carriage was from Glendale, California, to San Francisco in said State. Under the circumstances, plaintiff was charged with notice of the tariff under con-sideration, duly filed with the California Railroad Commission. Peninsula Transit Corporation v. Jacoby, 181 Va. 697, 26 S. E.2d 97, 100; Campbell v. Tri-State Transit Co., 196 Miss. 367, 17 So.2d 327; Wheelock v. Walsh, etc., Co., 8 Cir., 60 F.2d 415; Southern Pacific Co. v. Superior Court, 27 Cal.App. 240, at page 254, 150 P. 397, 404.

The section of the California Civil Code referred to is substantially the same as Rule 52 of the tariff. The Code section was enacted in 1931, and so far as the Court can determine there are no reported cases construing it.

It may be inferred that the enactment came in the wake of Franklin v. Southern Pacific Co., 203 Cal. 680, 265 P. 936, 937, 59 A.L.R. 118, decided in 1928, wherein the Supreme Court of the State of California held void a tariff providing for the handling of the baggage of passengers by "Red Cap" porters free of charge, and limiting liability thereon. In that case defendant relied upon Rule 10 of the tariff: "Where red cap porter service is provided, hand baggage will be handled without charge by red cap porters to and from trains of Southern Pacific Company. Liability upon hand baggage handled by red cap porters will be limited to $25.00." The Court in the Franklin case recognized the distinction underlying Boston & Maine Railroad Co. v. Hooker, and Galveston, H. & S. A. R. Co. v. Woodbury, supra, to the extent that the shipper was given a "choice of rates." The exception was noted in the Franklin case that a limitation of liability may be made by special contract with the shipper where the charges are graduated according to the value of the property as fixed by the shipper, he having at all times the privilege of securing coverage and paying the stipulated charge for such protection. (203 Cal. 687, 688, 265 p. 936, 59 A.L.R. 118)

■ Plaintiff's claim that defendant is "estopped" to assert the provision of Section 2178 of the Civil Code and Section 52 of the tariff, is not borne out by the evidence or by applicable legal principles. There are no facts before the Court that would justify the avoidance of the limitation as provided for therein.

In accordance with the foregoing, judgment may be entered for the defendant; plaintiff to recover the sum of $50.00 representing the maximum liability under the circumstances for the loss of the suitcase, said sum having been tendered by defendant to plaintiff.