Harold HAMILTON

v.

DEAN VAN LINES, INC. and Stillwell Van & Storage Co.

Civ. A. No. 30353.

United States District Court
E. D. Pennsylvania.

April 24, 1964.

As Amended April 29, 1964.

Dechert, Price & Rhoads, by John P. Mason, Philadelphia, Pa., for plaintiff.

Comanor & Stein, by Ned Stein, Philadelphia, Pa., for Dean Van Lines.

Winokur & Kahn, by Alan Kahn, Philadelphia, Pa., for Stillwell Van & Storage Co.

WOOD, District Judge.

This matter was tried to the Court on January 21 and 22, 1964, pursuant to a special listing wherein the parties waived findings of fact and conclusions of law. We rendered a verdict in favor of the plaintiff against both defendants, and now each defendant has moved for a judgment notwithstanding the verdict or for a new trial.

The plaintiff suffered the loss of all of his household belongings which were burned on a moving van en route to Lake Charles, Louisiana. This suit was instituted to recover the value of these goods from the defendant carriers.

The plaintiff and his wife who were living in Germany in December 1960 intended to return to the United States to make their home in Lake Charles, Louisiana. Mr. Hamilton was working for the Corps of Engineers, United States Army, as a consulting engineer. The plaintiff and his wife with the assistance of some friends packed all of their household belongings into crates and cartons and shipped these parcels through the United States Army Post Office to Mr. Hamilton's sister in Springfield, Pennsylvania—a Mrs. Albert Newman—for later shipment to Lake Charles. The 23 cartons, containers and footlockers arrived intact except for one package which had broken open with pictures protruding through the wrapping.

Upon receipt of the cartons Mrs. Newman stored the articles for about one month in her garage. Then Mrs. Newman's husband, Albert Newman, made arrangements over the telephone with Stillwell Van & Storage Co. (Stillwell) relative to shipping the cartons to Louisiana C. O. D.

Stillwell admittedly at the time of this occurrence was not an interstate carrier but was an agent for Dean Van Lines which possessed an interstate certificate and had tariffs filed with the Interstate Commerce Commission.

No mention of this relationship with Dean Van Lines was made by Stillwell to the Newmans and we concluded as a matter of law that Stillwell held itself out as an interstate carrier in this transaction.

Because the Newmans had no idea of the contents of the cartons, Stillwell made an agreement with Mr. Newman to the effect that Stillwell would pick up the goods, repack, weigh and evaluate them. Also, Stillwell agreed to procure insurance on these goods up to $10,000.00.

On January 18, 1961, Stillwell sent a moving van to the Newman residence to pick up the cartons. The driver proffered a bill of lading for Mrs. Newman's signature which contained a limit of liability for 30 cents a pound and named only "STILLWELL" as the carrier.

Sometime after January 18, 1961 the goods were destroyed by fire while being transported south on a Dean Van Lines truck. When Mr. Newman learned of this event he called Wesley C. Stillwell (who operates his business under the fictitious name of Stillwell Van & Storage Co.) regarding reimbursement for the loss. Mr. Stillwell advised Mr. Newman that he had forgotten to insure the goods and offered him $1,500.00.

Subsequently a representative of Stillwell went to the Newman home and obtained Mrs. Newman's signature to a *second* bill of lading in the name of DEAN VAN LINES, *only*, with a limit of liability in the amount of $1,000.00.

The defendants rely heavily on the established law which limits a carrier's liability for a damaged shipment to the amount set out in the bill of lading and the carriers' tariff on file with the I.C.C. Also, they contend that the shipper in this case failed to establish the nature, quality, condition and value of these goods immediately prior to their delivery to Stillwell on January 18, 1961.

We rejected these arguments at the trial and concluded as a matter of law that Stillwell held itself out to be an interstate common carrier even though he had no tariffs on file with the I.C.C. From the moment the cartons were loaded on the Stillwell van they were in interstate commerce, and a carrier which holds itself out as an interstate common carrier without having filed any tariffs with the I.C.C. may not claim the benefit of any contractual provisions limiting its liability to an agreed value. Thomas v. National Delivery Assn., 24 F.Supp. 171 (W.D.Pa.1937).

Stillwell having agreed to open these cartons and having agreed to repack, weigh and value each item cannot now complain that their value was not established at the time of their delivery to him. Such a requirement is only necessary in cases where the carrier has not agreed to unpack the goods and value them at delivery.

Sitting as a jury we found that the plaintiff established the condition, quality and value of these goods by the best evidence available to him. Where defendants' wrongful conduct causes a loss of the nature involved in this case they cannot be heard to complain that the damages were not measured with precision.

We further concluded that Stillwell acting as Dean Van Lines' undisclosed agent contracted to obtain insurance on these household goods in the sum of $10,000.00. This conclusion is based on the credible testimony of Mr. and Mrs. Newman and the questionable conduct of both defendants who attempted to substitute a Dean Van Lines' bill of lading for the Stillwell document after the goods had been destroyed.

The natural conclusion which we reached was that both defendants exercised bad faith throughout this entire transaction and they cannot, therefore, limit their liability to the amount contained in Dean's tariff. Any such agreement which limits a carrier's liability must be "fair, open, just and reasonable." Adams Express Co. v. Croninger, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913).

None of these elements were present in this agreement and the conscience of the Court was stirred to render a verdict in favor of the plaintiff. Motions denied.