227 A.2d 782.

ANTONIO DeSPIRITO *vs.* BRISTOL COUNTY WATER COMPANY.

MARCH 31, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Joslin, J. This action of trespass on the case for negligence was tried to a justice of the superior court sitting without a jury and resulted in a judgment[1] of $576.50 plus costs for the plaintiff. It is here on the defendant's appeal.

The facts are that plaintiff's cellar was flooded with water to a depth of about eighteen inches following a break in the drainpipe which ran from the foundation of his residence to the street and which, until damaged, drew off any ground or surface water which might have accumulated in the surrounding area. Immediately following the break and continuing until the drainpipe was repaired ten days thereafter, water seeped into the cellar damaging the residence as well as certain of plaintiff's household goods and personal effects. It was to recover for the costs and expenses incurred in remedying those damages that plaintiff brought this action.

Although the trial justice found that the seepage into the cellar "occurred as a result of the flowage of water from the pipes under the control of the defendant," his conclusion lacks an evidentiary foundation. The record discloses that the source of the seepage was the ground water which following the break, instead of running off through the drainpipe, saturated the area surrounding plaintiff's residence and then entered his cellar. It contains nothing indicating that it came from a pipe owned, maintained or otherwise controlled by defendant. That the trial justice misconceived or overlooked the evidence on the question of what caused the flooding does not necessarily mean that

---

[1]This case, although commenced on April 30, 1965, was tried following the effective date of the new rules of civil procedure. It is this coincidence which explains the use of an appeal from a judgment, rather than a bill of exceptions from a decision, as the vehicle for obtaining review in this court.

he erred in placing the responsibility for the resulting damage upon defendant. The evidence on that issue is uncontradicted and unimpeached. When we consider such evidence together with the inferences fairly and reasonably deducible therefrom, *Matteson* v. *Wm. S. Sweet & Son, Inc.*, 58 R. I. 411, 417, it shows that the break in the pipe was solely attributable to the failure of defendant's employees, notwithstanding plaintiff's warning, to exercise due care in excavating in and about the area where the drainpipe was laid. In the light of such a record a decision for plaintiff was neither clearly wrong nor did it fail to do substantial justice between the parties.

While defendant challenges the decision of the trial justice on the question of liability, its principal objection goes to his rulings on the admissibility of certain evidence on the question of damages. Although it does not dispute either the amount of or the necessity for these expenditures, it does contend that the evidence adduced thereon was irrelevant to the amount which could permissibly be recovered. On that question, it argues that the full measure of damages for the destruction of or injury to personal property is the difference between its fair market value just before destruction or injury and its fair market value immediately thereafter.

The general rule is, of course, as defendant suggests, and in proving his damages for an injury to or loss of items of personal property a party usually is restricted to testimony which evidences the difference between the before and after fair market values. *Jackson* v. *Choquette & Co.*, 78 R. I. 164. There is, however, a distinctive rule for proving damages for the loss of or the injury to more or less worn wearing apparel in use and to household goods and effects owned and kept for personal use. That exception is predicated upon the principle that the law is always concerned that an injured party shall be fully compensated for whatever in-

jury he may have sustained. Working from that premise the courts have long recognized that property of these kinds cannot in any real sense be said to have a fair market value, unless it be in the second-hand market where such goods are sold. And in such a market it must, of course, be conceded that full and fair market value cannot generally be obtained and that sales are usually at a sacrifice. Accordingly in such cases, instead of adhering to the before and after market values as the rule of damages, the courts, giving due consideration to the attendant circumstances and conditions, permit recovery of the actual value to the owner of the thing lost or damaged, excluding, of course, any fanciful or sentimental value that might be placed upon it. *Barker* v. *Lewis Storage & Transfer Co.*, 78 Conn. 198, 61 A. 363; *Aufderheide* v. *Fulk*, 64 Ind. App. 149, 112 N. E. 399; *Smith's Transfer & Storage Co.* v. *Batigne* (Ct. of Appeals, D. C.), 34 A.2d 705; *Rutherford* v. *James*, 33 N. M. 440, 270 P. 794; *Wall* v. *Platt*, 169 Mass. 398, 48 N. E. 270; 1 Sedgwick, Damages (9th ed.) §251, p. 505; McCormick, Damages (Hornbook Series) §45, p. 170; 4 Sutherland, Damages §1117, p. 4235.

In determining the recoverable actual value a trial justice has a wide latitude and, depending on the particular conditions and circumstances, he may admit evidence of the cost of an article when new, the length of time it has been in use, its condition at the time of the loss or injury, the expense to the owner of replacing it with another item of a like kind and in a similar condition, and any other facts which will assist in determining the worth of that article to its owner at the time of the injury. Under this rule, evidence of the necessary expenditures made by plaintiff in repairing or replacing a washing machine, a sump pump, a heating unit, while not controlling on the extent of his actual loss, was clearly admissible for such weight as it might receive from the trier of the facts. *Lloyd* v.

*Haugh,* 223 Pa. 148, 72 A. 516; *McMahon* v. *City of Dubuque,* 107 Iowa 62, 77 N. W. 517. See *Motton* v. *Smith,* 27 R. I. 62.

The defendant further contends that plaintiff, by reason of a lack of expertise, was not competent to testify to the cost of repairing and replacing his damaged household effects. Once again defendant invokes a rule of general application and asks us to apply to an unique situation the broad principle that the fair value of personal property may only be testified to by a person whose "knowledge of the matter in issue is so far superior to that of men in general that his opinion will probably aid in reaching a just conclusion." *McGovern* v. *Michael,* 62 R. I. 485, 489. See also *Albertha Corp.* v. *Preiss,* 68 R. I. 430, 433.

Here, however, just as in the instance of the true measure of damages for the loss of or injury to wearing apparel in use and household goods and effects owned or kept for personal use, the general rule of the *McGovern* and *Albertha Corp.* cases does not obtain, and it is customarily held that the mere fact of ownership of these particular kinds of property is usually sufficient to qualify the owner to give his estimate of what his actual loss has been. It was for the trier of the facts to evaluate that testimony and to adjudge the credit to be attached to plaintiff as a witness. *Marsh* v. *Union Pacific Ry.,* 9 F. 873; *Groves* v. *Gray,* 74 Ohio App. 384, 59 N. E. 2d 166; *Denney* v. *Fenton Storage Co.,* 124 Pa. Super. 81, 188 A. 92. See *Motton* v. *Smith, supra.*

Finally defendant challenges the admissibility of the evidence on the other reparation and replacement costs which entered into the computation of the damages. Although no objections were interposed when plaintiff testified to those expenditures, defendant contends that repeated objections were unnecessary since the testimony relating to those other expenses was of the same kind as that to which spe-

cific objection had already been made, viz., the costs of replacing and repairing the washing machine, the sump pump, and the heating unit.

We would agree with that argument if the requirements of rule 46 of the rules of civil procedure of the superior court had been satisfied and the consent of the trial justice had been obtained to permitting a single objection to the entire line of that testimony. In the absence of that consent, however, specific objections to the questions relative to such expenditures were required as a precedent to an appellate review of whether the trial justice erred in admitting that evidence.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Thomas Santamaria,* for plaintiff-appellee.

*Gunning & LaFazia, Raymond A. LaFazia, John F. Mc-Donough,* for defendant-appellant.